United States District Court
Southern District of Texas
**ENTERED**
July 23, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| HERVIN MICHELIN HERRERA ROSALES, Petitioner, | § | CIVIL ACTION NUMBER 4:26-cv-05066 |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| BRET BRADFORD, *et al*, Respondents. | § | |

**ORDER OF DISMISSAL**

Petitioner Hervin Michelin Herrera Rosales filed a petition for writ of *habeas corpus* under 28 USC §2241 on June 26, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention violates the Due Process Clause of the Fifth Amendment. Id at 7–12.

Prior order noted that the petition may raise only issues resolved by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 4 at 1–2. Even so, the Government was ordered to show cause with a filing establishing the propriety of Petitioner's continued detention. Id at 2.

On July 2, 2026, the Fifth Circuit issued a decision with respect to the constitutionality of detention under 8 USC §1225(b)(2)(A). See *Sosnava Rodriguez v Ortega*, 2026 WL 1906557 (5th Cir). With reference to limitations imposed by the Due Process Clause, the decision holds that the Government may detain individuals under the subject statute "for ninety days but no longer without a bond hearing," and that "at the hearing, the Government must

articulate an individualized justification for further detention without bond." Id at *16.

On July 6, 2026, the Government filed a motion for summary judgment acknowledging that Petitioner has been detained for over 90 days. Dkt 5 at 2. It also conceded that it couldn't continue to detain him under §1225(b)(2)(A) without a bond hearing. Ibid.

Four days later, however, on July 10, 2026, the Fifth Circuit vacated *Sosnava Rodriguez* pending rehearing *en banc*. See *Sosnava Rodriguez v Ortega*, 2026 WL 2014647, *1 (5th Cir). The parties were ordered to submit supplemental briefing in light of development. Dkt 8.

Pending is a renewed motion by the Government for summary judgment. Dkt 9. It maintains that no bond hearing is required because Petitioner is subject to mandatory detention under §1225(b)(2)(A). Id at 2. It further contends that Petitioner's claims fail on the merits. Id at 4. Petitioner on reply reasserts his due process claims. Dkt 10.

The Fifth Circuit has now issued a controlling decision in *Buenrostro-Mendez*. In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under §1225(b)(2)(A). See 166 F4th at 502–08. And as to *Sosnava Rodriguez*, its vacatur means that the panel decision is "of no precedential value." *Comer v Murphy Oil USA, Inc*, 718 F3d 460, 468 (5th Cir 2013).

The undersigned has also previously determined certain issues raised in the petition. For example, see:

- *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that procedural due process doesn't require an individualized custody determination beyond the mandate of §1225(b)(2)(A).
- *Herrera Estrada v Thompson,* 2026 WL 2000097 (SD Tex): Holding that pre-removal-order detention authorized by §1225(b)(2)(A)

doesn't violate due process while deportation proceedings are pending even when it exceeds the six-month period set out in *Zadvydas v Davis*, 533 US 678 (2001), as to post-removal-order detention.

- *Llanes Carnesolta v Tate*, 2026 WL 948727 (SD Tex): Holding that disparate treatment between those detained under §1225(b)(2)(A) and §1226(a) doesn't violate equal protection.
- *Guerra Hernandez v Frink*, 4:26-cv-01001 (SD Tex, Apr 21, 2026): Holding that Justice Kennedy's concurrence in *Demore v Kim*, 538 US 510 (2003), is not controlling authority under the *Marks* rule.

The arguments presented by Petitioner in the petition and reply raise only issues resolved to the contrary in the decisions cited above. Even so, two arguments included in the reply warrant discussion.

Petitioner cites *Doherty v Barr*, 503 US 901 (1992), for the proposition that aliens unlawfully present in the United States have a substantive due process right to liberty during deportation proceedings. Dkt 10 at 2. But that case citation states only that "the petition for writ of certiorari is dismissed" and thus is wholly unsupportive of the asserted proposition.

Petitioner also asserts that *Buenrostro-Mendez* doesn't apply to him because he doesn't concede that he's an applicant for admission. Dkt 10 at 5–6. But the question is only whether he actually *is* an applicant for admission within the meaning of §1225(a)(1). Nothing suggests that Petitioner was ever admitted to the United States. As such, he is an "alien present in the United States who has not been admitted," which in turn means that he is deemed an *applicant for admission* under §1225(a)(1), and thus is subject to mandatory detention under §1225(b)(2)(A).

Petitioner thus hasn't established that his current detention violates either the Constitution or federal law.

Petitioner is advised to follow the *en banc* proceedings of the Fifth Circuit in *Sosnava Rodriguez*. He may file a motion for reconsideration or a later petition if warranted after those proceedings conclude.

* * *

The renewed motion by the Government for summary judgment is GRANTED. Dkt 9.

The motion by the Government for summary judgment is DENIED AS MOOT. Dkt 5.

The petition for writ of *habeas corpus* by Petitioner Hervin Michelin Herrera Rosales is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on July 23, 2026, at Houston, Texas.

CREskridge

Honorable Charles Eskridge
United States District Judge